# IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MAINSTREAM DEVELOPMENT, LLC, | ) CASE NO. 309-12315 |
| | ) CHAPTER 11 |
| Debtor. | ) |
| | ) JUDGE MARIAN F. HARRISON |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon Paul Braden Surveying and Construction, LLC's (hereinafter "Braden") Motion for Abstention and/or Remand to State Court and Motion for Relief from the Automatic Stay.

As background, on August 28, 2009, Braden filed a lawsuit in the Chancery Court for Lincoln County, Tennessee, against the debtor, William S. Carman, Sr., and other entities. The lawsuit is to enforce a mechanics' and materialmen's lien in the amount of $442,666.16 against real property owned by the debtor.

On October 27, 2009, the debtor filed its voluntary Chapter 11 petition. Three days later, the debtor and Mr. Carman filed an Answer and Counter-Complaint against Braden in the Chancery Court action. In the counter-complaint, the debtor and Mr. Carman alleged breach of contract, negligence, and tortious misrepresentation, fraud, deceit, and negligent misrepresentation. On January 26, 2010, the debtor filed notice of removal to move the case to this Court. Since this matter was heard, the Court granted Bank of Frankewing's motion for relief as to the debtor's only remaining asset, against which Braden is seeking to enforce its lien.

Pursuant to 28 U.S.C. § 1334(c)(1), this Court may exercise its discretion in determining whether to abstain from hearing a matter even if it is properly before it. Section 1334(c)(1) states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Based on the following factors, as set forth in ***Refrigerant Reclamations Corp. of Am. v. Todack (In re Refrigerant Reclamation Corp. of Am.)***, 186 B.R. 78, 84 (Bankr. M.D. Tenn. 1995), and ***Beneficial Nat'l Bank USA v. Best Receptions Sys., Inc. (In re Best Receptions Sys., Inc.)***, 220 B.R. 932, 953 (Bankr. E.D. Tenn. 1998), the Court finds that abstention is appropriate in this case:

- Based on the parties involved, as well as the claims and counter-claims in the state court action, abstention by this Court would lead to a more efficient judicial administration.

- The issues of state law predominate. It appears that with Bank of Frankewing now having relief to foreclose on the property, Braden's lien claim is no longer an issue with the debtor. This leaves the debtor's counterclaim for malpractice, which is exclusively a state law issue.

- The proceeding was started in state court prior to the bankruptcy, and the debtor even filed its answer and counter-complaint after filing for bankruptcy protection.

- There is no jurisdictional basis other than 28 U.S.C. § 1334.

- There is no reason why the issues could not be litigated in state court and enforced in this Court.

- The debtor and Mr. Carmen requested a jury trial in their answer and counter-complaint, and, while Braden did not seek a jury trial in its complaint, counsel has indicated that it does not consent to a bench trial after reviewing the counter-complaint.

- There are non-debtor parties involved in the state court litigation. In addition to the other entities sued, Mr. Carmen, in his individual capacity, is a defendant and counter-plaintiff. The debtor argued that Mr. Carmen is only a party to the suit as a guarantor, however, the state court pleadings suggest otherwise.

Accordingly, based on the pleadings and the argument of counsel, the Court finds that Braden's motion for abstention under 28 U.S.C. § 1334(c)(1) should be granted. Moreover, the Court finds that Braden's motion for relief from the automatic stay to proceed with the litigation in state court to determine liability should be granted, but not to enforce any judgment.

3 - U.S. Bankruptcy Court, M.D. Tenn.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**